## BUSH v. UNITED STATES.

## COOK v. UNITED STATES.

### Nos. 50205, 50206.

United States Court of Claims.

Jan. 13, 1953.

S. J. Bischoff and Robert T. Jacob, Portland, Or., for plaintiffs.

H. S. Fessenden, Washington, D. C., with whom was Acting Asst. Atty. Gen. Ellis N. Slack, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

The plaintiff, Ruth Barnett Bush, filed her petition herein to recover alleged overpayments of income tax for the calendar years 1945, 1946 and 1947, and the plaintiff, Beatrice Cook, filed her petition to recover alleged overpayments for the calendar years 1945 and 1946. The ground stated in each petition is that insufficient depreciation of assets had been claimed and allowed for the years mentioned.

February 7, 1945, plaintiffs formed a partnership for the operation of a clinic known as the Stewart Clinic in Portland, Oregon, and on that date purchased said Clinic for $50,000. The defendant filed answers to the petitions of plaintiffs, and also filed a counterclaim in each case for additional taxes, interest and penalties.

In the case of Ruth Barnett Bush, No. 50205, the defendant asserts a counterclaim for additional tax, interest and penalties, in the amounts of $340,541.60 for 1945; $315,149.95 for 1946, and $507,563.88 for 1946. In the case of Beatrice Cook, No. 50206, the defendant asserts a counterclaim for $203,316.43 for 1945 and $194,304.40 for 1946.

Each plaintiff has filed a motion to dismiss the defendant's counterclaim on the ground that it fails to state a claim upon which relief can be granted by the court. The plaintiffs argue that the counterclaims should be dismissed because the defendant has not set forth therein the detailed facts upon which the claims for additional taxes, interest and penalties are based.

The counterclaims were filed by leave of the court upon motion duly made by the defendant for leave to file, and after consideration by the court of plaintiffs' objections to such motions. From the record it appears that plaintiffs filed claims for refund for the years mentioned; that the Commissioner of Internal Revenue had an investigation made of the returns, books and records of the plaintiffs, and that a report of such investigation was made to him; that while the Commissioner was auditing said report and the returns of plaintiffs with the view and for the purpose of making a final determination as to the correct tax liability of plaintiffs, the plaintiffs filed their petitions in this court for the alleged overpayments. It further appears that on January 31, 1952, the Commissioner made a determination that additional taxes, interest and penalties, as hereinabove set forth, were due from plaintiffs; that on that date the Commissioner made a jeopardy assessment of said amounts within the period of limitation allowed by law, and that on March 18, 1952, the Commissioner mailed to each of the plaintiffs a 90-day de-

ficiency notice of the determination and assessment of the deficiencies, interest and penalties. As required by the statutes, these deficiency notices set forth the facts and figures on the basis of which the deficiencies in each case had been determined. Within the time allowed by statute each plaintiff herein filed a petition on or about June 1, 1952, in the Tax Court of the United States for the redetermination of said deficiencies, interest and penalties.

In the circumstances of these cases and in view of the facts disclosed by the record and fully known to the plaintiffs, the allegation by defendant in its counterclaims that the additional taxes, interest and penalties, were duly determined and assessed by the Commissioner of Internal Revenue for the years involved is sufficient to state a cause of action. The motions filed by plaintiffs to dismiss the counterclaims are, therefore, denied. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and WHITAKER, Judges, concur.